**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| MOUSA SIYAM, | ) |
| Petitioner, | ) |
|  | ) No. CIV 10-692-TUC-CKJ |
| vs. | ) |
|  | ) **ORDER** |
| CONRAD M. GRABER, | ) |
| Respondent. | ) |

  Pending before the Court is the Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody filed by Mousa Siyam ("Siyam"). On June 17, 2011, Magistrate Judge Bernardo P. Velasco issued a Report and Recommendation (Doc. 18) in which he recommended Ground one be dismissed with prejudice and Grounds Two and Three be dismissed without prejudice.[1] The Report and Recommendation advised the parties that any written objections were to be served and filed within 14 days of being served with a copy of the Report and Recommendation. Siyam has filed an Objection.

---

[1] The Court notes that Siyam has objected to the magistrate judge continuing to issue orders in light of Siyam's election for a district judge. However, on December 23, 2010, this Court referred this matter to the magistrate judge for a Report and Recommendation. *See* Doc. 5, p. 3; *see also* 28 U.S.C. § 636; LRCiv 72.1; L.RCiv 72.2.

*Jurisdiction of the Court*

The Court agrees with the magistrate judge that "[h]abeas corpus is not available to challenge an inmate's conditions of confinement not resulting in any impact on the legality or duration of that confinement." Report and Recommendation, pp. 4-5; *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent and a [civil rights] action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); *Crawford v. Bell*, 599 F2d 890, 891-892 (9th Cir. 1979) (upholding dismissal of petition challenging conditions of confinement, the Ninth Circuit noted that "the writ of habeas corpus is limited to attacks upon the legality or duration of confinement).

Siyam claims in Ground Two that prison officials imposed impermissible retaliatory sanctions against Siyam for requesting that fingerprint evidence be taken from the cigarette packs and lighter by imposing sanctions which are impermissible for a first time violation of Code 305, specifically disciplinary transfer and excessive administrative segregation. Petition, Doc. 1, p. 5A; Memorandum, Doc. 2, p. 9. Siyam asserts in Ground Three that the sanctions imposed by the BOP violated his right under the Eighth Amendment against cruel and unusual punishment because the sanctions are excessive and disproportionate to the severity of the alleged first-time violation. Petition, Doc. 1, pp. 6-6A; Memorandum, Doc. 2, p. 10. These claims only challenge the conditions of his confinement and, if Siyam were successful in these claims, there would not be any impact on the legality or duration of Siyam's confinement. These claims that seek to challenge the conditions of Siyam's confinement are cognizable in a civil rights action rather than a habeas corpus action. The Court does not have jurisdiction of these claims in this habeas action; the Court will dismiss these claims without prejudice.

*Objection to Order Denying Judicial Notice*

Included in his Objections, Siyam asserts the magistrate judge erred in denying his request for judicial notice regarding the conviction of Officer B. Montgomery, Special

Investigative Specialist, for falsifying records regarding another inmate. However, the incident and disciplinary proceedings at issue in this case occurred months before the incident for which Officer Montgomery was convicted.[2] Because Siyam is alleging he was denied due process during the disciplinary hearing proceedings, events that occurred months later are not relevant to whether Siyam was afforded due process during the disciplinary proceedings. The Court agrees with the May 31, 2011, Order (Doc. 16) of the magistrate judge.

*Objections as to Due Process Claim*

Siyam asserts that the magistrate judge based his finding on the same erroneous facts that were used by the Disciplinary Hearing Officer ("DHO"). However, Siyam cites to that portion of the Report and Recommendation that was summarizing the factual and procedural background. The magistrate judge was not making such a finding, merely setting forth the finding made by the DHO.

Siyam also asserts that the search was a planned and targeted search rather than a random search. Siyam asserted that a confidential informant report would have substantiated this assertion and that this evidence would have impeached the credibility of the officer asserting the search was random. However, Siyam does not dispute the magistrate judge's determination that "[t]here is no factual support for Petitioner's assertion that a confidential informant was used in this case." Report and Recommendation, p. 8. Siyam does not assert in his Objections that prison officials prohibited him from presenting evidence or testimony regarding whether the search was planned or random. The Court finds Siyam has not presented any basis to conclude his disagreement with the classification of the search constitutes a due process violation.

---

[2]Officer Montgomery is alleged to have falsified the documents on June 2, 2010, while Siyam's incident occurred on September 26, 2009, and the Disciplinary Hearing occurred on November 4, 2009.

- 3 -

Siyam reiterates his argument that the open cube in which he was housed at the time of the incident was a common area. As to this issue, the magistrate judge stated:

> . . . The DHO did not rely on a constructive possession theory to support his findings. This case is different from [*Broussard v. Johnson*, 253 F3d 874, 877 (5th Cir. 2001)] and [*Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992)], because the petitioners in those cases had equal access to the common area, shared with other inmates, whereas in this case, according to Petitioner's uncontested allegations, inmates may have some access to Petitioner's living area, they do not have the same degree of access and control that Petitioner exercises over his living area and his own mattress. The DHO found Siyam possessed the cigarettes and lighter, not because he lived in the dormitory in which the weapons were found, but because the cigarettes were found in Siyam's cell, under a mattress which Petitioner admitted was his. (Answer, Ex.1, Attachment 4) These facts directly connected Siyam to the cigarettes. The DHO relied on sufficient reliable evidence to satisfy the "some evidence" test. As the Regional Director noted in the response to Petitioner's grievance of this issue, an inmate has the responsibility to keep his area free of contraband. (Petition, Exhibits, Regional Administrative Remedy Appeal No. 567581-R1, Response); see also 28 C.F.R. § 541.12. "Some evidence," therefore, supports the DHO's conclusion. Accordingly, the DHO did not need to rely on a theory of constructive possession. That there is evidence suggesting Siyam's innocence is irrelevant. Due process only requires that there be "some evidence" supporting the disciplinary decision. It does not require that the supporting evidence outweigh the evidence to the contrary. *Superintendent Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1984)].

Report and Recommendation, pp. 10-11. The Court agrees with the magistrate judge that "some evidence," in the form of the cigarettes and lighter being found under a mattress which Siyam admitted was his, was present to support the DHO's conclusion.

Siyam also reiterates his assertion that he should have been permitted to obtain and pay for fingerprint analysis to show that the cigarettes and lighter were not his. Again, the Court agrees with the magistrate judge's discussion of this issue:

> Petitioner has a due process right to "present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." [*Wolff v. McDonnell*, 418 U.S. 539, 566 (1974)]. Petitioner's request for fingerprint evidence, however, goes beyond the bounds of a request to compile and present documentary evidence, rather, Petitioner is requesting that he be allowed to conduct his own investigations into the offense. Furthermore, even if this were merely a request to present documentary evidence, prison officials have the necessary discretion to structure the hearing to keep it within reasonable limits by limiting an inmates ability to compile documentary evidence. *See Id*. The Supreme Court has refused to establish an "across-the-board" policy imposing a duty on a disciplinary board to explain why inmates were not allowed to present witnesses or evidence. *See Wolff, supra; Ponte v. Real*, 471 U.S. 491, 496 (1985). If denied the right to present documentary evidence, due process requires prison officials to provide an explanation, either in the administrative record or in court. *Ponte*, 471 U.S. at 497. Vickie Petricka has provided a sufficient explanation for why Petitioner's request was

denied. [Officer] Petricka stated that DHO Neel documented that Petitioner requested the cigarette-packs be fingerprinted, but notes that such testing or processing is not required in an administrative prison discipline hearing. Officer Petricka states that, in this case, Petitioner provided no credible or verifiable evidence that the cigarettes were planted in his cell to warrant the extraordinary investigative measures. Furthermore, as Respondent notes in the Answer, Petitioner did not dispute the unauthorized items were found in his mattress, thus, even if he had established that his fingerprints were not on the unauthorized items, it would not negate the possession charge.

Report and Recommendation, pp. 7-8.

Siyam received all due process safeguards required in prison disciplinary proceedings. The record conclusively shows that Siyam is not entitled to habeas corpus relief under 28 U.S.C. § 2241; therefore, an evidentiary hearing is not required. *See Anderson v. United States*, 898 F.2d 751, 753 (9th Cir. 1990).

Accordingly, IT IS ORDERED:

1. The May 31, 2011, Order of the magistrate judge (Doc. 16) is CONFIRMED.
2. The Report and Recommendation is ADOPTED.
3. Ground One of the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DISMISSED WITH PREJUDICE.
4. Grounds Two and Three of the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 are DISMISSED WITHOUT PREJUDICE.
5. The Clerk of the Court shall enter judgment and shall then close its file in this matter.

DATED this 22nd day of August, 2011.

_____
Cindy K. Jorgenson
United States District Judge